UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-021 |
| | ) | |
| CORRIE ANN BUSH | ) | |

## MEMORANDUM AND ORDER

The defendant has pled guilty to conspiring to distribute methamphetamine and conspiring to commit money laundering. She will be sentenced on March 24, 2020.

The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR") [doc. 50], to which the defendant has filed three objections. The United States has responded to those objections and the probation office has filed its PSR Addendum. [Docs. 68, 69]. For the reasons that follow, the defendant's first objection will be overruled, and her second and third objections will be sustained.

I.

*Objections Two and Three*

As written, the PSR sets a total offense level of 33 and a Criminal History Category of III, producing an advisory guideline range of 168 to 210 months. The methamphetamine count requires a mandatory sentence of at least of 120 months.

By her second and third objections, the defendant argues that she should not be assigned three criminal history points for the Caddo County, Oklahoma, methamphetamine

conviction listed at PSR paragraph 50. The PSR Addendum indicates that the United States and the probation office agree with the defendant's position.

As noted in the Addendum, the three criminal history points associated with that conviction (PSR paragraphs 50 and 52) should be stricken, placing the defendant in Criminal History Category I. With a total offense level of 33, her advisory guideline range is reduced to 135 to 168 months.[1] The defendant's second and third objections will accordingly be sustained.

## II.

*Objection One*

Next, the defendant objects that she is entitled to a mitigating role adjustment under U.S.S.G. § 3B1.2. That guideline provides for downward adjustments of two, three, or four levels for persons who were "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). The four-level reduction for "minimal" role "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group" and who had a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* cmt. n.4. The two-level reduction for "minor" role applies to a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* cmt. n.5. A three-level reduction is recommended for

---

[1] From that advisory range, the Court will award an 8-month downward departure, pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 5K2.23, to account for the 238 days that the defendant spent in custody in the Caddo County case.

2

defendants falling between "minor" and "minimal" participation. U.S.S.G. § 3B1.2. The defendant bears the burden of proof by a preponderance of the evidence. *United States. v. Elder*, 90 F.3d 1110, 1134 (6th Cir. 1996). Factors to be considered include:

- The degree to which the defendant understood the scope and structure of the criminal activity.

- The degree to which the defendant participated in planning or organizing the criminal activity.

- The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.

- The nature and extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.

- The degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmt. n.3(C).

The Court has weighed and considered the factors cited above, along with the arguments presented by the parties. [Docs. 67, 69]. Having done so, the Court concludes that the present defendant is not entitled to a mitigating role adjustment.

The factual basis of the defendant's plea agreement (signed by the defendant and her attorney) are incorporated into the PSR. [Doc. 50, ¶¶ 11-17]. There, the defendant has admitted that:

1. She participated in the instant methamphetamine conspiracy *for nearly three years*. [*Id.* ¶ 12].

2. She also "assisted the conspiracy in the collection and laundering of drug proceeds." [*Id.*].

3. The defendant "participated in deliveries of pound quantities of methamphetamine" and delivered one-half or one-pound quantities to a coconspirator on two occasions. [*Id.* ¶ 13].

4. The defendant "*regularly* collected methamphetamine proceeds on behalf of the organization." [*Id.* ¶ 15] (emphasis added).

5. She collected methamphetamine proceeds in amounts "generally ranging from $10,000 to $30,000." [*Id.*].

6. On one specific occasions, the defendant and a coconspirator laundered $11,000.00 through a bank in North Carolina. The defendant knew the account information, which she provided to the coconspirator. [*Id.* ¶ 16].

The Court further notes that, in her plea agreement, the defendant consented to forfeiture of $60,000.00 "which represents the amount of money involved in the money laundering offense." [Doc. 38, ¶ 9]. Additionally, the PSR provides that codefendant Russell Froelich "only assisted in the transportation of the drugs," whereas the defendant "assisted both in the transportation and sale of methamphetamine." [Doc. 50, ¶ 19]. *See* Fed. R. Crim. P. 32(i)(3)(A) (The Court "may accept any undisputed portion of the presentence report as a finding of fact.").

It is true, as argued by the defense, that there is not presently before the Court proof that the defendant was involved in every aspect of these crimes, such as producing the methamphetamine or retaining most of the proceeds. It is also true that the codefendants in this case were held accountable for a higher quantity of drugs, and that there are certainly persons higher in the ultimate distribution chain who are more culpable than this defendant.

Nonetheless the instant defendant was broadly involved in these conspiracies for a period of nearly three years. She delivered pound quantities of methamphetamine and

regularly collected large amounts of drug proceeds. She participated in the laundering of those proceeds and provided account information to a coconspirator. Unlike coconspirator Russell Froelich, her involvement was not limited to drug transportation. On these facts, the Court cannot conclude that this defendant was "substantially less culpable than the average participant" in this case.

## III.

### *Conclusion*

As provided herein, the defendant's first objection to her PSR is **OVERRULED** and her second and third objections are **SUSTAINED**. [Doc. 58]. Sentencing remains set for Tuesday, March 24, 2020, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge